

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# USA v. Williford

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Williford" (2006). *2006 Decisions.* Paper 1591.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1591

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2583

UNITED STATES OF AMERICA

v.

CHIAMAKA WILLIFORD

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00566)
District Judge: Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2006

Before: RENDELL and SMITH, Circuit Judges
and IRENAS*, District Judge.

(Filed:  February 14, 2006)

OPINION OF THE COURT

RENDELL, Circuit Judge.

        Chiamaka Williford raises a challenge based on *United States v. Booker*, 543 U.S.

_____

* Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting
 by designation.

220 (2005), to the sentence he received following his guilty plea to charges of distributing crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860(a).  He was sentenced to forty-six months in prison, followed by six years of supervised release.  Williford argues that his sentence should be vacated under *Booker* because the District Court erroneously treated the Federal Sentencing Guidelines as mandatory rather than advisory.  *See United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).

This case is controlled by our decision in *United States v. Lockett*, 406 F.3d 207 (3d Cir. 2005), in which we held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of *Booker*."  *Id.* at 214.  In his plea agreement, Williford "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution."  (Plea Agmt. ¶ 7 at App. 59.)  The only exceptions to this waiver were for an appeal based on a claim that his sentence exceeded the statutory maximum or that the sentencing judge erroneously departed upward from the guidelines range.  This waiver is almost identical to the one at issue in *Lockett*.  Because Williford does not contest his sentence on one of the enumerated exceptions, we will dismiss his appeal as inconsistent with the appellate waiver in his plea agreement.  *Lockett*, 406 F.3d at 214.